**Joe Martinez GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46279.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 20, 1973.

---

Grady Hight, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Marvin D. Snodgrass, Jerry J. Loftin, and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a murder conviction wherein the jury assessed the penalty at death.

The indictment alleged that the appellant shot and killed David Hackney. The State's evidence reflects that about 11:20 p. m. on March 6, 1970, the appellant shot and killed two men, Ronnie Winn and David Hackney, as they were seated in the front seat of an automobile outside the Frontier Lounge at Neal and Decatur Streets in Ft. Worth.

Voluminous and often repetitious details were related as to the conduct of the appellant, the two deceased and their companions and others who were in the lounge prior to the shooting. It appears that one of the deceased made a derogatory remark in Spanish to which, apparently, the appellant and his companions took offense. The exact nature of the remark is not revealed by the record and there are several versions from different witnesses. Nevertheless, it was shown that, when the two deceased left the bar, the appellant and several companions followed and the appellant

shot the two apparently unarmed men with a .38 caliber revolver.

■ Appellant's brief attempts to set forth grounds of error under broad general headings such as "Pre-Trial Errors," Hearing on Punishment," "Sufficiency of the Evidence," "Constitutional Issues," etc. It is clear that all of the grounds of error are multifarious and not in compliance with Article 40.09, Vernon's Ann.C.C.P., presenting nothing for review. Nevertheless, the court has tried to determine the specific grounds of error from the voluminous brief.

■ First, we shall consider the appellant's complaint that the evidence was insufficient. He contends much of the evidence is too "contrary to our general impressions of human behavior" to believe, as the evidence shows, that he would re-enter the lounge after the killings with a pistol in hand, if he was the killer, only to leave again when normally a killer would leave the scene and make his escape. He further complains that the only eyewitness testimony to the alleged shooting came from Jim Boatwright, a twice-convicted felon, friend of both deceased, who was placed in the bar at the time of the actual shooting by a defense witness, and who gave a statement to the police that he was not aware of the killer's identity and then later gave another statement in which he said he could identify the killer. He also contends there were inconsistencies as to physical facts between Boatwright's testimony and that of the medical examiner, particularly as to the bullet wounds, etc.

The jury was the judge of the facts, the credibility of the witnesses and the weight to be given to their testimony, and, considering all of the facts in the light most favorable to the jury's verdict, we conclude that it is supported by the evidence.

■ Appellant further contends that the evidence does not show motive. We do not agree, but, under any circumstances, it is not necessary to show motive in order to sustain a conviction for murder. Whitaker v. State, 160 Tex.Cr.R. 271, 268 S.W.2d 172 (1954); 4 Branch's Ann.P.C.2d ed § 2203, p. 560. See also Rodriguez v. State, 486 S.W.2d 355, 358 (Tex.Cr.App.1972).

■ Appellant also urges his discovery motions were denied. Many of his requests for discovery were granted and, in examining the pre-trial motions which he claims were denied, we find they relate to the work product of the State which is exempt from discovery by virtue of Article 39.14, Vernon's Ann.C.C.P., or to the production of grand jury testimony for which he showed no particularized need. See Tibbetts v. State, 494 S.W.2d 552 (Tex.Cr.App.1973); Brown v. State, 475 S.W.2d 938 (Tex.Cr.App.1972); Lary v. State, 475 S.W.2d 248 (Tex.Cr.App.1972).

■ Appellant also contends the rule of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), was violated "on at least two occasions." We need not consider the contention since, even if there was a *Witherspoon* error, it is now moot in light of the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), holding the death penalty unconstitutional. See Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); Ex parte Powers, 487 S.W.2d 101 (Tex.Cr.App.1972); Stephenson v. State, 494 S.W.2d 900 (Tex.Cr.App. 1973).

■ Appellant also contends that the State was allowed to elicit from "repudiation" witnesses that his general reputation for being a peaceful and law-abiding citizen was bad without laying the proper predicate—that they had, in fact, talked to other people about his reputation. Appellant candidly admitted that trial counsel made no objection to any of this testimony, never asked to take the witnesses on voir dire to determine their qualifications, nor interrogated them for the purpose of any

motion to strike such testimony. Nothing is presented for review.

 Further, the appellant calls upon this court to re-examine the "Have you heard" question rule as it applies to character witnesses for the defense. He contends that he was unable to call character witnesses because they would have been asked if they had heard that he had been charged with another murder. The record does not support the brief's allegation that he did not call witnesses for the reason stated and we decline to discuss appellant's contention under these circumstances.

 Under the general heading "Bad Faith of Prosecutor," the appellant lists numerous complaints concerning the conduct of the prosecutor. We have examined each and do not conclude that bad faith is reflected. We do observe that the prosecutor repeatedly asked questions which called for hearsay answers, but, in nearly every instance in which an objection was interposed, the objection was promptly sustained. While such conduct is not to be commended, we cannot conclude that reversible error is presented.

Each of appellant's other complaints has been examined, as best as we have been able to determine what they are, and we have found them to be without merit.

 It has been made to appear that on September 5, 1972, the Honorable Preston Smith, Governor of Texas, upon the recommendation of the Board of Pardons and Paroles, and by Proclamation No. 72–3727, commuted appellant's punishment to life imprisonment. Thus, the judgment of the trial court is ordered reformed to show the punishment assessed as being life. Whan v. State, 485 S.W.2d 275 (Tex.Cr. App.1972). See also Stanley v. State, 490 S.W.2d 828 (Tex.Cr.App.1973).

As reformed, the judgment is affirmed.