Sylvester ESTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 47702.

Court of Criminal Appeals of Texas.

March 27, 1974.

Marvin O. Teague, Houston (On appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Victor Pecorino, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. Punishment was assessed by the jury at one hundred years.

Appellant was convicted of shooting to death Larry Ronald Garland, the night clerk of a U-Tot-Em store, in Houston, in the early morning hours of November 5, 1971. The State relied, in part, upon appellant's written confession. Appellant testified at trial and admitted shooting the deceased but claimed he did so in self-defense.

Appellant first challenges the sufficiency of the evidence. He urges that, as a matter of law, he shot the deceased in self-defense.

In both his written statement and his testimony, appellant admitted shooting the deceased from close range with a .22 caliber pistol. Article 45, Vernon's Ann. P.C., provides that the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act. Malice can be inferred from the use of a deadly weapon at close range. Wingate v. State, Tex.Cr.App., 487 S.W.2d 89. We hold that the evidence is sufficient to support the jury's finding that appellant shot the deceased intentionally and with malice aforethought.

Appellant's claim of self-defense is based upon his testimony that he shot the deceased as Garland attempted to grab appellant's pistol out of his belt, while at the same time reaching for a pistol Garland

carried in a shoulder holster. The investigating police officer testified that he found Garland's pistol still in his shoulder holster when he reached the scene, and that two other weapons hidden under the check-out counter were undisturbed. Appellant's written statement makes no mention of any movement by the deceased toward the shoulder weapon. Upon such evidence, we hold that self-defense as a matter of law was not established. It would indeed be a rare case for such a defense to be so established. See Powers v. State, Tex.Cr.App., 497 S.W.2d 594.

■ Appellant, in his next two grounds of error, contends that the conviction is void because he was tried and convicted for murder with malice aforethought, a criminal offense which no longer exists. He apparently relies upon the language in Foster v. State, Tex.Cr.App., 493 S.W.2d 812, at page 813, which is as follows:

"Since degrees of murder no longer exist, all voluntary killings being murder, the presence or absence of malice relate only to the punishment."

The decisions reversing the convictions in Brazile v. State, Tex.Cr.App., 497 S.W.2d 302, and the later case of Marrero v. State, Tex.Cr.App., 500 S.W.2d 818, turned on questions regarding the admissibility of certain evidence in mitigation of punishment at the punishment stage of the trial and do not apply.

The statute providing for the offense of murder with malice is still in effect.

■ Appellant also contends that the trial court erred in failing to charge on the law of murder without malice at both the guilt or innocence and punishment stages of the trial.

Again, appellant did not object to the court's charges and no requested charges were submitted. Nothing is presented for review. His contention was that he shot deceased in self-defense. The jury was charged on that issue and that, if they had

a reasonable doubt that appellant killed deceased voluntarily and with malice aforethought, they should find him not guilty.

Appellant's fourth and fifth grounds of error are overruled.

In his eighth through twelfth grounds of error, appellant complains of the introduction into evidence of his written confession. He contends that the requirements of Articles 15.17 and 38.22, Vernon's Ann.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not met, and that the totality of the circumstances does not show the confession to have been voluntarily given.

A Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, type hearing was held to determine the admissibility of the confession. The record includes findings of fact and conclusions of law filed by the trial court holding the confession to have been freely and voluntarily given in accordance with all constitutional and statutory requirements and properly admissible into evidence.

The record discloses that appellant was stopped for speeding near Uvalde on November 15, 1971, and was found to be in possession of a stolen driver's license, wallet and automobile. At the scene of the arrest, Department of Public Safety Officer Monk gave him a Miranda warning, shown to comply with the requirments of Article 38.22, supra. The following day appellant was taken before a magistrate and again advised of his rights.

Appellant was returned to Houston on the afternoon of November 17 by Houston police detective J. A. Gamino who, before placing him in the city jail, again warned him.

Houston Detective H. A. Zoch testified that he and Detective D. Sacky removed appellant from his cell at approximately 2:05 a. m. on November 19th, and took him to the city homicide office where Zoch gave appellant another statutory warning from a card prepared by the district attor-

ney's office. After appellant indicated he wished to waive his rights and make a statement he was taken before Judge K. M. Pacetti at approximately 2:45 a. m. The records sets out in full the warnings given appellant by Detective Zoch and Judge Pacetti, both of which manifest compliance with Articles 15.17 and 38.22, supra. Appellant was then returned to the homicide office where he immediately began making his statement at 3:10 a. m. and finished it at 4:45 a. m.

■ Appellant, therefore, received at least three Miranda-type warnings and two formal warnings by magistrates within the three days preceding his statement. Two of these warnings were given within one hour prior to the commencement of his statement, and are set out in full in the record. We hold that appellant was adequately apprised of his constitutional and statutory rights in accordance with the requirements of Articles 15.17 and 38.22, supra, and Miranda, supra.

Appellant asserts, however, that he did not voluntarily waive his rights and that his confession was the product of coercion. He testified that he was removed from his cell between 10:00 and 11:00 p. m. and was periodically beaten by Officer Zoch until he appeared before Judge Pacetti. He stated that Zoch struck him several times in the stomach and once in the face, causing his eye to swell almost closed. He further testified that his repeated requests for a lawyer were refused, that he made the statement to keep Zoch from hitting him again, and that he didn't tell Judge Pacetti about the beating because he thought it would do no good.

Appellant's mother testified that she visited him in the city jail on Sunday, November 21, and that his eye was swollen and his mouth was "real fat and lips real big." She stated that he appeared quite severely injured.

Officer Zoch testified that after he removed appellant from his cell appellant was given his warning and indicated he understood it, but stated that he didn't need or want a lawyer. A conversation followed during which appellant first claimed the shooting was an accident, then said he would tell Zoch "the straight of the thing." Appellant was then taken directly before Judge Pacetti and immediately returned to the homicide office where he gave his statement. The statement itself recites that appellant understood all his rights, desired to waive them all, and was making the statement freely and voluntarily. Zoch denied that appellant was ever struck or threatened. Officer Sacky testified to essentially the same facts. Later, the State introduced jail photographs of appellant taken on Monday, November 22, when he was transferred to the county jail. These were introduced at the trial on the merits and passed among the jury and apparently refuted the testimony of appellant and his mother concerning the beating.

■■ Whether an accused voluntarily, knowingly and intelligently waived his rights against self-incrimination is to be determined from the totality of the circumstances. Walker v. State, Tex.Cr.App., 501 S.W.2d 912; Easley v. State, Tex.Cr.App., 448 S.W.2d 490. We hold that the trial court had sufficient evidence to conclude that the appellant knowingly and intelligently waived his constitutional and statutory rights, that his statement was freely and voluntarily given.

We have examined appellant's many grounds of error and find them to be without merit.

There being no reversible error, the judgment is affirmed.