**Ex parte Miguel Alvarado CALDERON.**

**No. 48290.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Rehearing Denied May 8, 1974.

R. Norvell Graham, Jr., San Antonio, for petitioner.

Ted Butler, Dist. Atty., and Bill Harris, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., in which petitioner seeks his release from confinement in the Texas Department of Corrections.

Petitioner was convicted on his pleas of guilty for the offenses of statutory rape, fondling, and indecent exposure on July 7, 1971. His punishment was assessed at twelve years in each case, the sentences to run concurrently.

Petitioner challenges his convictions on the ground that all three convictions arose out of the same transaction.

The record reflects that petitioner indecently exposed himself, fondled, and raped the prosecutrix on April 30, 1971. Testifying at the habeas corpus hearing, petitioner stated that he pled guilty to the offenses of statutory rape, fondling, and indecent exposure on July 12, 1971; that all of the above transactions involved one girl; that all three offenses occurred on April 30, 1971, at approximately 4:30 in the afternoon; and that he did not see the girl at any other time then on April 30, 1971, at approximately 4:30 in the afternoon. The State did not cross-examine him or offer any evidence.

The trial court filed findings of fact and conclusions of law, stating in part: "I find as a matter of law and fact that the convictions in Cause 71-1181 (the exposure cause), 71-1182 (the statutory rape cause), and 71-1183 (the fondling cause) entitled The State of Texas Vs.: Miguel Alvarado Calderon, grew out of the same transaction."

■ Under the doctrine of carving, if a continuous assault is made on the same person in the same transaction, the State can carve but one conviction out of the event. See 1 Branch's Ann.P.C., 2nd ed., Sec. 654, p. 625.

In Duckett v. State, 454 S.W.2d 755 (Tex.Cr.App.1970), this Court stated:

"The inhibition against double jeopardy is determined by the facts and circumstances and not by the name of the offense. The record before us in the case at bar portrays a definite illustration of the application of the principle that when one has been convicted, the State cannot, upon the same evidence, again convict him of the same act. The proof is conclusive that in appellant's conviction for assault to murder he was convicted of the same transaction and upon the same evidence as that upon which he was earlier convicted of the offense of robbery by assault with a firearm."

See also Paschal v. State, 49 Tex.Cr.R. 911, 90 S.W.2d 878 (Tex.Cr.App.1905).

In Price v. State, 475 S.W.2d 742 (Tex. Cr.App.1972), the defendant was convicted

by separate informations for the offenses of false imprisonment and aggravated assault, the offenses arising out of the same transactions. Reversing the conviction for aggravated assault, we stated:

" 'The prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once.'

In the present case the transaction over a period of some ten to twelve minutes was a single transaction, the evidence was the same, and appellant was convicted of two separate offenses."

 Herein, although the three offenses are in contemplation of law separate and distinct, they were on the facts in these cases all proved by the same acts and evidence as a single assault. The stipulated evidence introduced to support each of petitioner's pleas of guilty was exactly identical, except for variation in numbering. The situation at bar is unlike Lee v. State, 505 S.W.2d 816 (Tex.Cr.App.1974) wherein the defendant was convicted upon three indictments alleging sodomy on the same victim on the same date. There we held that the offenses were separate and distinct both in contemplation of law and upon the facts of those cases, the three offenses not having been proven by the same acts or evidence. In the instant cases, the trial court committed fundamental error in accepting petitioner's pleas of guilty to two of the indictments in question. See and compare Ellis v. State, 502 S.W.2d 146 (Tex.Cr.App.1973); Ex parte Easley, 490 S.W.2d 570 (Tex.Cr.App.1972); Jones v. State, 482 S.W.2d 194 (Tex.Cr.App.1972); Benard v. State, 481 S.W.2d 427 (Tex.Cr. App.1972) with Crabb v. State, 503 S.W.2d 260 (Tex.Cr.App.1974); Grant v. State, 505 S.W.2d 279 (Tex.Cr.App.1974); Waffer v. State, 504 S.W.2d 408 (Tex.Cr.App.1974); Jones v. State, 502 S.W.2d 164 (Tex.Cr. App.1973); McMillan v. State, 468 S.W.2d 444 (Tex.Cr.App.1971).

The doctrine of carving having been violated, two of the three convictions must fall. The record reflects that petitioner entered his pleas of guilty to all three indictments in the same proceeding. However, it does not reflect which judgment was entered first.

Presumptively, petitioner was first indicted in the exposure cause. This is due to the fact that the indictment number in the exposure cause is a lower number than the indictments in the other two causes.

Therefore, we must assume, since the stipulated evidence to support all three convictions was the same, the petitioner's plea of guilty to the exposure cause was valid and prior in time to his pleas in the other two causes. Thus, petitioner is entitled to relief from confinement for his rape conviction and fondling conviction. Relief as to his conviction in the exposure cause is in all respects denied.