**Robert CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43602.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

G. Stanley Rentz and Walter S. Smith, Jr. (Court-appointed), Waco, for appellant.

Martin Eichelberger, Dist. Atty., and Felipe Reyna, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The appellant was convicted for murder; the jury assessed the death penalty, and this Court affirmed that conviction. Curry v. State, 468 S.W.2d 455 (Tex.Cr.App. 1971). In Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the Supreme Court held that death penalties were unconstitutional as they were imposed at that time. The prior judgment of this Court, insofar as it left undisturbed the death penalty imposed, was vacated. Curry v. Texas, 408 U.S. 939, 92 S.Ct. 2872, 33 L.Ed.2d 761 (1972). While the appeal was still pending in this Court, on October 17, 1972, Governor Preston Smith commuted the appellant's punishment from death to life imprisonment. The appellant then contended before this Court that he was being denied due process as there was no valid procedure provided for him to be resentenced. He urged that either a new trial be granted, a jury reassess his punishment, or he be discharged. This Court held that due process did not require that punishment be reassessed by a jury after the commutation of punishment from death to life imprisonment. Curry v. State, 490 S.W.2d 828 (Tex.Cr.App.1972).

The appellant has now been sentenced in the trial court, and from that sentence he now seeks to maintain this appeal. Within the contemplation of the procedures set forth in the Code of Criminal Procedure regarding the prosecution of appeals, and particularly within the interpretation of Articles 42.04 and 44.08 thereof, as interpreted in Boykin v. State, 513 S.W. 2d 820 (Tex.Cr.App.1974) (on motion for rehearing), the instant case remains one in which the death penalty was assessed by the jury. The Code never contemplated two appeals in a death penalty case, one before sentencing and another after affirmance on the first appeal and sentencing. The fact that the penalty actually imposed is not death does not remove this case from the procedure applicable to death penalty cases. Boykin v. State, supra. Appellant has already prosecuted his appeal in this case.

The appeal is dismissed.

Opinion approved by the Court.