**Richard Meaker BOYKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48352.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Rehearing Denied Oct. 9, 1974.

R. E. McDaniel, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON MOTION TO REINSTATE APPEAL

ODOM, Judge.

Our opinion on original submission is withdrawn. The State's motion to reinstate the appeal is granted.

On original submission we were of the opinion that we lacked jurisdiction. Our reasoning then was that the commutation subsequent to the judgment assessing the death penalty and prior to the time the record was filed with this Court deprived this case from being an appeal "taken from a death penalty." Article 42.04, Vernon's Ann.C.C.P. Thus, Article 42.04, supra, would require sentence to be pronounced before the appeal could be taken.

On reconsideration we are now of the opinion that we do have jurisdiction. The significance of a sentence to our jurisdiction depends on whether the penalty assessed is death. Where the death penalty is not assessed, Article 42.04 requires the sentence to be pronounced and Article

44.08 requires the notice of appeal to be given within ten days of the sentence. Where the penalty of death is assessed, a different procedure is required because Article 42.04 states "[w]hen an appeal is taken from a death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Criminal Appeals has been received." The time for giving notice of appeal must therefore be measured from some event other than the pronouncement of sentence. Accordingly, Article 44.08(b) states:

> "In cases where the death penalty has been assessed . . . such notice shall be given or filed within ten days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within ten days after entry of judgment on the verdict."

■ If "death penalty" in Article 42.04 and "where the death penalty has been assessed" in Article 44.08 are synonymous, these Articles harmoniously set out the two routes to appeal depending solely on whether the punishment assessed is death. To interpret "death penalty" to mean a case where the death penalty is not only assessed but uncommuted as well would require a third process of appeal where the appellant is assessed the death penalty and the punishment is subsequently commuted. In such case the notice of appeal would remain timely if it were given within the time allowed after the entry of judgment on the verdict or after the motion for new trial were overruled. Nevertheless, the appellate process would be halted until the appellant is brought before the court and formally sentenced. It is more reasonable to interpret these Articles by reading "death penalty" in Article 42.04 to mean "the assessment of the death penalty."

This was our understanding in Garcia v. State, 495 S.W.2d 257 (Tex.Cr.App.1973). There, the defendant was convicted and assessed the death penalty on March 17, 1971. His punishment was commuted to life imprisonment by Governor Preston Smith on September 5, 1972. As in this case, in *Garcia,* the record was subsequently approved and then filed in the Court of Criminal Appeals. Although the commutation occurred before the record reached this Court, Garcia was *not* sentenced. Nevertheless, we exercised jurisdiction and examined the merits of his appeal.

Our decision in *Garcia* guides us today. Although in non-capital cases time for notice of appeal depends on the date of sentencing, there are no statutory grounds for holding that jurisdiction of this Court depends on a sentence where the death penalty has been assessed, nor does case law support this view. In addition, it would be purposelessly burdensome on the appellant and the judicial machinery to require him to be taken before the trial court for sentencing when we have his appeal properly before us today.

## ON APPELLANT'S GROUNDS OF ERROR

The appellant was convicted of murder with malice. The death penalty assessed has been commuted to life imprisonment.

Appellant first contends that the court erred in the language used to charge the jury on competency to stand trial.

■ Although the charge on competency to stand trial was submitted to the same jury as heard and determined the issue of guilt or innocence, no reversible error is reflected on the facts in this case. Although in Perryman v. State, 494 S.W. 2d 542, this Court held that where the issue of competency to stand trial is found to exist a separate jury must be given the issue, the trial court in this case specifically found, and the record in every respect supports that finding, that no such issue existed. Unlike Carpenter v. State, 507 S. W.2d 794 (Tex.Cr.App.1974), in which the record demonstrated that such an issue was raised in the trial court's mind, in this case both the evidence and the explicit findings of the trial court demonstrate that no such

issue was raised. It further appears from the record that the only reason a charge was submitted on the issue is that appellant objected to its absence and requested its inclusion. Although it was error to have included such a charge where no such issue existed, appellant cannot secure reversal upon such error which he himself injected into the trial and which clearly was of no harm to him.

In view of the fact that it was error to submit any charge on competency to stand trial, appellant's contention that different language should have been used in that instruction is without merit.

Appellant also contends the trial court violated Article 46.02, Sec. 1, V.A.C.C.P. The record contains no written application for a hearing on the issue of competency to stand trial in advance of the trial on the merits, as required by that provision, nor does it reflect that any such pre-trial hearing was held. Accordingly, this ground of error is overruled.

The appellant next contends that it was error for the court to require him to prove his defense of insanity at the time of the offense by a preponderance of the evidence. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499. We have considered this issue before and have decided it against the appellant's contention. Nilsson v. State, 477 S.W.2d 592 (Tex.Cr. App.1972). No reason for reconsidering our position has been offered. Consequently, we overrule the appellant on this ground of error.

Appellant's last ground of error contends it was error for the trial court to overrule his motion to quash the State's Notice of Intention to Seek the Death Penalty. The argument presented to the trial court in support of this motion was that the death penalty was unconstitutional, being cruel and unusual punishment, repugnant to the Eighth Amendment of the United States Constitution. The punishment having been commuted to life impris-

onment, the issue is now moot. The appellant's contention that denial of his motion to quash resulted in the erroneous submission of punishment to the jury was not raised in his motion to quash, and, being raised for the first time in his brief, presents nothing for review.

Finding no reversible error, the judgment of the trial court is affirmed.