**Ex parte Bobby Lee EVANS.**

**No. 51210.**

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

Conviction for felony theft voided and indictment dismissed; conviction for robbery affirmed.

Bobby Lee Evans, Pro Se.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a post-conviction application for writ of habeas corpus case filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted of the offense of robbery by assault, enhanced under Article 62, V.A.P.C., in cause No. C–72–21–JN, in the 195th District Court of Dallas County and assessed a mandatory life term of imprisonment on July 14, 1972. An appeal of that conviction was affirmed. See *Evans v. State*, 499 S.W.2d 123 (Tex.Cr.App.1973). On October 6, 1972, petitioner entered a plea of guilty to the offense of felony theft in cause No. C–71–9508–LN in the same trial court and was assessed a ten-year sentence on that same date. No appeal was taken of this conviction.

Petitioner filed an application for writ of habeas corpus with the trial court alleging "illegal indictment" and double jeopardy. This case was filed and set for submission on the sole question as to whether or not petitioner's ten-year sentence assessed in the theft case was obtained in violation of the "carving" doctrine after petitioner had already been convicted of the offense of robbery by assault, both offenses arising out of the same operative set of facts. See *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr. App.1970). *Martinez v. Beto*, 398 F.2d 542 (5th Cir. 1968).

The trial court's findings of fact and conclusions of law recite:

". . . the facts of the two offenses—robbery by assault and felony theft—formed a continuous sequence of events. . . . The facts, as supported by the record on appeal, show that Petitioner requested the aid of the victim, a service station manager, in starting his

automobile some distance from the station. At the site of the crime Petitioner produced a pistol, took the victim's wallet, shot the victim in the stomach without reason, forced the victim to run away, and then, in the absence of the owner, stole the victim's automobile."

In reviewing the appellate record, we are of the opinion that the trial court's summary of the facts is correct. See *Evans v. State*, supra, at p. 124. However, the trial court found that the prosecutor properly carved two offenses since the time intervening between the running away of the victim and the stealing of the automobile constituted two offenses. Also, the trial court found that petitioner made no complaint or objection prior to his entry of the plea to the theft case on the grounds that the prosecution was barred by the "carving" or double jeopardy doctrines, therefore implying that petitioner waived his complaint.

■ Initially, it should be noted that the failure to object at trial to a violation of the "carving" or double jeopardy doctrine does not constitute a waiver of such objections in a post-conviction, collateral habeas corpus attack. See *Duckett v. State*,[1] supra; *Ellis v. State*, 502 S.W.2d 146 (Tex.Cr.App.1973); *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.1974); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974); *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29; *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

In the record before this Court, the facts show that the property stolen as a basis for the "theft over fifty dollars" indictment in cause No. C–71–9508–LN was "one automobile of the value of over fifty dollars", and there is no question that the automobile in question was taken during the robbery for which appellant had been previously convicted. The robbery indictment charged appellant with taking "one billfold, twelve dollars current money of the United States of America", but did not mention the taking of the automobile. Even though the record indicates that the complaining witness had fled the scene, after being shot by petitioner, the record also reflects that petitioner used actual, *antecedent violence* against the complaining witness in order to accomplish the theft of the vehicle.

■■ Robbery and theft (under the old Code) are closely related crimes, and the only distinction between the two offenses lies in the antecedent violence, either actual or threatened, which is perpetrated on the victim of the robbery. See *Reese v. State*, 91 Tex.Cr.R. 457, 239 S.W. 619 (1922); *Flores v. State*, 145 Tex.Cr.R. 134, 166 S.W.2d 706 (1942); *Alaniz v. State*, 147 Tex.Cr.R. 1, 177 S.W.2d 965 (1944). Compare also *Byrd v. State*, 490 S.W.2d 575 (Tex.Cr.App.1973). In the case at bar, the evidence clearly shows that there was antecedent violence committed on the person of the victim, thus causing him to flee, which is sufficient to take this case out of the felony classification of "theft." See also *Jemmerson v. State*, 482 S.W.2d 201 (Tex.Cr.App. 1972); *Rayford v. State*, 423 S.W.2d 300 (Tex.Cr.App.1968).

■ Since the antecedent violence in the case at bar was so closely intertwined with the theft of the victim's money, billfold *and vehicle*, it is obvious that the State could have, had it desired, also included in the robbery indictment in cause No. C–72–21–JN the allegation that the petitioner appropriated the victim's vehicle. The fact that the State did not seek to allege all the items stolen from the victim within the robbery indictment cannot be a justification for allowing multiple prosecutions. To allow the

---

1. We call attention to errors appearing in headnote 3 and footnote 2 in *Duckett v. State*, supra, in which the word *not* was omitted. The headnote should recite that a ". . . special plea was not required" rather than a ". . . special plea was required." The footnote should read ". . . it would appear that a special plea would not be required" rather than ". . . it would appear that a special plea would be required."

State to employ a multiplicity of technical pleadings which would permit successive prosecutions based upon the same conduct has been condemned by the United States Supreme Court. See *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, at footnotes 9 & 10 (1970). In the case at bar, the time sequence of events was continuous and did not break the chain of antecedent violence perpetrated upon the complaining witness so as to give rise to the inception of another separate and distinct offense. See *Lamberson v. State*, 509 S.W.2d 328 (Tex. Cr.App.1974).

Therefore, we hold that the continuous nature of the assaultive action by the petitioner in this case would have permitted prosecution for one offense; i. e., robbery. The prosecution for theft should have been barred by the "carving" doctrine. See *Duckett v. State*, supra; *Price v. State*, 475 S.W.2d 742 (Tex.Cr.App.1972); *Ex parte Calderon*, supra.

The relief requested by petitioner is granted to the extent that the judgment and sentence in cause No. C–71–9508–LN is voided, and the indictment in that case is dismissed. However, the conviction for robbery in cause No. C–72–21–JN is still a valid sentence and is not disturbed by this ruling.

It is so ordered, and a copy of this opinion shall be forwarded to the Texas Department of Corrections.

Opinion approved by the Court.