**Ex parte Steven Jay CALDWELL.**

**No. 52167.**

Court of Criminal Appeals of Texas.

June 9, 1976.

Barry P. Helft, Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is a post-conviction application for the writ of habeas corpus under the provisions of Article 11.07, V.A.C.C.P., in which petitioner seeks his release from confinement in the Texas Department of Corrections.

In a single trial before a jury in the Criminal District Court No. 4 of Dallas County, petitioner was convicted in two cases of rape (our No. 49,112) and robbery by firearms (our No. 49,113). Punishment for rape was assessed at fifteen hundred years, and for robbery, one thousand years. On appeal, both judgments were affirmed with per curiam opinions.

In his application, petitioner makes a number of attacks on the validity of his convictions, all of which are without merit. The case was submitted on the limited constitutional issue, not raised in the application, of whether the petitioner has been placed in double jeopardy by being convicted of rape and robbery by firearms growing out of the same transaction upon the same

victim. A violation of the doctrine of "carving" or double jeopardy is a matter of constitutional dimensions of which this Court will take notice in a post-conviction habeas corpus proceeding where it is apparent in the record. See *Ex parte Evans*, 530 S.W.2d 589 (Tex.Cr.App.); *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App., 1976).

The transcription of the court reporter's notes of the evidence introduced on the joint trial of the two cases is included as the statement of facts in the record of the appeals in our Causes Nos. 49,112 and 49,-113, and we take judicial notice of such statement of facts. It reflects that the complainant-prosecutrix was the only witness who testified before the jury at the guilt stage of the trial. Her testimony reflects that at about 2:00 a. m., February 13, 1973, after she finished her duties as relief manager of a Burger King store and was leaving to get in her car, appellant and another man, armed with guns, forced her to re-enter the building. They demanded that she open the safe and give them the money in it. She insisted that she did not know the combination and couldn't open it. After many threats directed at her, she was permitted to phone her employer, from whom she secured the combination (or perhaps a purported combination). After many attempts to open the safe, all of which failed, the other man told appellant to take her to a back room and tie her up, while he continued to try to open the safe. Appellant then took her to a back room, where he raped her and tied her up. After the rape, both men left, and she learned that the money in her purse, which had been taken from her, was missing. The safe was not opened.

The complainant-prosecutrix was named as the victim in both cases.

■ Where the record shows that more than one offense is committed against the same complainant *in a single transaction* occurring at the same time and place, the State may carve only one of these offenses to prosecute, and separate convictions for each offense under such circumstances would constitute a violation of the double jeopardy clauses of both state and federal constitutions. *Tatum v. State*, 534 S.W.2d 678 (Tex.Cr.App.); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.); *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.); *Ellis v. State*, 502 S.W.2d 146 (Tex.Cr.App.); *Price v. State*, 475 S.W.2d 742 (Tex.Cr.App.); *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr. App.).

■ However, the evidence on the trial of the instant cases summarized above reflects that the robbery and the rape did not occur in a single transaction, or in the same place or at the same time. The record reflects two separate assaults by appellant upon the complainant. The first occurred when appellant, as a principal with his companion, assaulted her outside the building, forced her to enter the store, and by using firearms and threats, robbed her. When appellant took her into another room of the building and raped her, this constituted an additional assault occurring in a different place at a different time, and was a separate transaction, and a separate offense. No violation of the doctrine of carving or double jeopardy is presented. *Lamberson v. State*, 509 S.W.2d 328 (Tex.Cr.App.); *Douthit v. State*, 482 S.W.2d 155 (Tex.Cr. App.); *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.); *Robinson v. State*, 530 S.W.2d 592 (Tex.Cr.App.); *Lee v. State*, 505 S.W.2d 816 (Tex.Cr.App.).

The relief prayed for is denied.

Opinion approved by the Court.