**Ex parte Melvin James JOSEPH.**

**No. 56259.**

Court of Criminal Appeals of Texas.

Dec. 14, 1977.

**892**

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was initially convicted of the offense of rape by force and threats, pursuant to Art. 1183, V.A.P.C. (1925), on a plea of not guilty to a jury and was assessed a 12 year term of imprisonment on January 3, 1974. This conviction was affirmed on appeal in a per curiam opinion (Cause No. 49,554). Subsequently, petitioner was also convicted of the offense of sodomy, pursuant to Art. 524, V.A.P.C. (1925), in another jury trial, and this time was assessed a 10 year term of imprisonment on April 2, 1974. The trial court ordered that the two above mentioned sentences run cumulatively. Art. 42.08, V.A.C.C.P. An attempted appeal of this conviction resulted in a dismissal of the appeal (Cause No. 51,173).

Petitioner filed his application for writ of habeas corpus with the trial court contending that the second trial for the offense of sodomy should have been barred under the double jeopardy doctrine since both offenses arose out of the same operative set of events, at the same time, against the same complaining witness. It will be necessary to outline the facts concerning these transactions.

In reviewing the evidence submitted in both of petitioner's trials, a fair summary of the facts would indicate that on July 12, 1973, petitioner approached the complaining witness, L———— M————, when she was in a telephone booth talking to her boyfriend, and asked her if she had any jumper cables. Upon receiving a negative reply, he returned to his car, which he parked alongside of complainant's car, and remained in the vicinity, observing her. She continued her telephone conversation, informing her boyfriend of petitioner's request and stating that he seemed to be watching her. A few minutes later petitioner appeared at the telephone booth again with a gun in his hand. The complaining witness screamed, and petitioner hung up the phone receiver. She was forced into the front seat of her car and ordered to drive while petitioner got in the back seat and placed the gun to her head. After driving a few minutes, she was told to stop the car and get on the floorboard on the passenger side. Petitioner began driving the car, still holding the gun on her at all times.

A short while later, after making a stop at a parking lot, he indicated he was going to let her out, and he drove the vehicle into a grove of trees in a deserted area. He stopped the car and ordered the complainant out. There he forced her to undress and to commit oral sodomy. He thereafter raped the complainant at pistol point. After the rape had occurred, petitioner ordered the complaining witness to get dressed and get back into her car, and af-

terward petitioner drove the complaining witness back to the phone booth. He departed and left in his car, and she left in hers, returning to her apartment.

To uphold the second conviction such must not offend the double jeopardy clause of the federal constitution as construed by the United States Supreme Court nor the carving doctrine as applied by this Court.

■ Two offenses are "the same" under the double jeopardy clause of the federal constitution unless each requires proof of an additional fact that the other does not. *Jeffers v. U. S.*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Iannelli v. U. S.*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). Rape requires proof of force or threats and lack of consent which are not required for the offense of sodomy. The sodomy offense of which petitioner was convicted herein required proof that petitioner had carnal copulation in an opening of the body, except sexual parts, which is not required for the offense of rape. Therefore, the two prosecutions herein were not violative of the double jeopardy clause as construed by the Supreme Court of the United States.

■ Under the carving doctrine as applied in this State, a person cannot be *convicted* of different parts of a single transaction, though said parts are in contemplation of law distinct offenses. *Wright v. State*, 17 Tex.App. 152. When one offense is a necessary element in, and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other. *Herera v. State*, 35 Tex.Cr.R. 607, 34 S.W. 943; *Ex parte Evans*, 530 S.W.2d 589, Tex.Cr.App.; *Price v. State*, 475 S.W.2d 742, Tex.Cr.App. Since both the rape and the act of sodomy upon the prosecutrix herein were not proven by the same evidence and the act of sodomy was complete prior to the commission of the act of rape, the doctrine of carving does not

bar multiple convictions of the petitioner. *Ex parte Caldwell*, 537 S.W.2d 265, Tex.Cr. App.

Petitioner's application for writ of habeas corpus is denied.