Jahn Eric HUMPHREYS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54324.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 3, 1978.

John E. Humphreys, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary W. Love, Andy Anderson, and Joe M. Revesz, Asst. Dist. Attys., Dallas, for the State.

## OPINION

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

PHILLIPS, Judge.

This is an appeal from a conviction for resisting arrest. V.T.C.A., Penal Code, Sec. 38.03. Punishment was assessed by the court at 30 days in the county jail, probated, and a $100.00 fine.

The evidence adduced at trial revealed that on September 26, 1975, at approximately 11:30 a. m., the appellant, a 17-year-old Hillcrest High School student, was arrested for failure to identify himself to a police officer and for resisting arrest.

Murphy Middleton, a parking lot attendant, testified that students at Hillcrest High School have identification cards which state the time of day the students can take their cars off the school parking lot. On September 26, at approximately 11:15, two boys drove up to the gate in a Firebird

automobile and tried to leave the parking lot using an identification card Middleton knew did not belong to either of the boys. After Middleton refused to allow them to leave, he later saw the two boys talk to the appellant and hand him the identification card. The appellant then drove up to the gate in the Firebird and presented the same ID card to Middleton. Middleton refused to allow the appellant to leave. The appellant drove the car around the parking lot several times and again drove the car up to the gate in an attempt to leave. Middleton again refused and requested the appellant to remove his car from the gate so other students could leave the parking lot. When the appellant refused, Middleton waved to Officer W. A. Carter, a Dallas police officer who was patrolling nearby, in order to gain assistance.

After the appellant parked the car back on the school lot, Middleton observed Officer Carter approach the appellant, who was walking away from the car. Officer Carter asked the appellant to stop in order for Carter to talk to the appellant about the car. The appellant told Carter that he did not have to talk to Carter and kept walking. Officer Carter caught appellant by the shoulder and turned him around. The appellant swung around and pulled Officer Carter's hand off his shoulder and began cursing and speaking in a loud voice. Officer Carter then told appellant he was under arrest. Middleton noticed the appellant throwing his hands back and forth but did not know if he was using his hands to strike Officer Carter. Carter then wrestled the appellant to the ground and handcuffed him.

Officer Carter testified that after he was signaled, Middleton related the prior events concerning the car and the attempt by appellant to leave the parking lot. Carter approached the appellant in order to determine if the car was stolen. Carter asked appellant if the vehicle was his and the appellant stated it belonged to a friend. Carter also asked the appellant for the car keys and appellant refused. Carter then asked appellant what his name was and for some type of identification. Appellant

asked Carter why he wanted to know and Carter explained that he was seeking to determine whether the car was stolen, why the appellant was trying to take the car off the lot, and if the appellant had been trying to steal the car. The appellant refused to identify himself and became increasingly belligerent. After repeated requests, the appellant walked away. Carter followed him and placed his hand on appellant's shoulder and said, "Stop." The appellant whirled around and knocked Carter's arm off his shoulder. After the appellant once more refused to identify himself, Officer Carter told the appellant he was under arrest for failing to identify himself to a police officer.

Officer Carter then stated that the appellant "started to move away from me, he started backing up trying to get away from me. And I reached for him to put my hands on him to keep him from running or whatever he had intentions of doing. And at this time he hit my arms again (indicating), and then when I reached for him again he pushed (indicating)—He had already pushed me down, but he pushed at me. And then I had to grab a hold of him, and then we started struggling there in the street. And again I told him that he was under arrest." Carter finally wrestled appellant to the ground, handcuffed him, and placed him in the patrol car.

The appellant testified in his own behalf that a friend, Richie Albert, asked appellant to get his car off the parking lot. Appellant tried to leave and when Middleton refused to let appellant out of the gate he parked the car back in the school parking lot. As appellant walked away from the car, Officer Carter walked up and said, "Give me those keys, boy." Carter did not ask the appellant's name nor did he ask appellant to produce any identification. After demanding the keys several times, Carter shoved the appellant backwards and grabbed the appellant by the shirt. The appellant jerked back and Officer Carter threw him to the ground and handcuffed him. Carter did not tell the appellant he was under arrest until after appellant was

handcuffed. The appellant denied he ever struck Officer Carter.

In appellant's grounds of error six and seven, he complains of the trial court's failure to admit into evidence and include in the record Defendant's Exhibits 1, 2, and 3, which were the information, court's docket sheet, and judgment record and court minutes from appellant's former conviction for failure to identify as witness under V.T. C.A., Penal Code, Sec. 38.02.[1] The statement of facts reflects that the appellant tendered these exhibits into evidence in support of his motion for directed verdict, but the exhibits were never admitted by the trial court and the appellant offered no objection at trial. Subsequently, on September 29, 1976, the appellant objected to the record on the grounds that the court reporter inadvertently failed to hear the trial court's ruling to the effect that the exhibits were admitted into evidence and for the failure of the court reporter to include the exhibits in the statement of facts. There is no indication in the record whether appellant's objections to the record were called to the attention of the trial court. On October 4, 1976, the trial court entered its order approving the record noting "that no unresolved objection" prevented the court from approving the statement of facts. *Grundstrom v. State*, Tex.Cr. App., 456 S.W.2d 92; *Allaben v. State*, Tex. Cr.App., 418 S.W.2d 417. Having offered no objection to the trial court's failure to allow the exhibits into evidence, nothing is presented for review. *Balli v. State*, Tex. Cr.App., 530 S.W.2d 123. Concerning appellant's contention that the trial court failed to include the exhibits in the statement of facts, an examination of the record reveals that the complained of exhibits were included in the transcript certified by the clerk, and the State in its brief agrees with appellant that these exhibits were properly before the court pursuant to Article 40.09, Sec. 1, V.A.C.C.P. Consequently, we will consider these exhibits in discussing appellant's other grounds of error.

In his fifth ground of error, appellant contends that the evidence is insufficient to sustain the conviction. Specifically, appellant contends that there is no factual evidence that the appellant obstructed or prevented his arrest or that appellant used force against the officer as required under V.T.C.A., Penal Code, Sec. 38.03.[2]

A similar contention was advanced by the defendant in *Washington v. State*, Tex.Cr. App., 525 S.W.2d 189. In *Washington*, the defendant was arrested for disorderly conduct. After the arresting officers placed one handcuff on the defendant's wrist, the defendant dragged the two officers eight to ten feet, exerting "pretty strong" force. The officers called for assistance and the defendant continued to struggle until additional officers arrived. We held the evidence sufficient in *Washington* to show the use of force to prevent or obstruct a person known to be a peace officer from effecting an arrest.

Similarly, in the instant case, Officer Carter had identified himself as a police officer and had placed appellant under arrest for failure to identify as a witness.[3] The testimony of Carter showed that the appellant began backing away and when Carter attempted to restrain him the appellant struck Carter's arms and pushed the officer. The appellant struggled and Officer Carter was forced to wrestle the appellant to the

---

1. V.T.C.A., Penal Code, Failure to Identify as Witness, Sec. 38.02(a) provides:

   "A person commits an offense if he intentionally refuses to report or gives a false report of his name and residence address to a peace officer who has lawfully stopped him and requested the information."

2. V.T.C.A., Penal Code, Sec. 38.03(a), provides: "A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another."

3. We express no opinion on the legality of this arrest. V.T.C.A., Penal Code, Sec. 38.03(b), provides:

   "It is no defense to prosecution under this section that the arrest or search was unlawful."

ground before subduing him. We find this evidence sufficient to support the appellant's conviction for resisting arrest under the provisions of V.T.C.A., Penal Code, Sec. 38.03. See and cf. *Sutton v. State*, Tex.Cr. App., 548 S.W.2d 697; *McMorris v. State*, Tex.Cr.App., 516 S.W.2d 927; *Matter of Hartsfield*, 531 S.W.2d 149 (Tex.Civ.App.— Tyler, 1975, no writ). Appellant's fifth ground of error is overruled.

In his grounds of error one and two, the appellant contends that his prosecution for resisting arrest was barred by the double jeopardy clause of the United States and Texas Constitutions and that such prosecution violated the carving doctrine as applied by this Court. Specifically, appellant argues that he had been previously convicted, upon the same facts presented in the instant case, of failure to identify as witness under V.T.C.A., Penal Code, Sec. 38.02, and to allow the present prosecution would allow the State to convict the appellant for multiple offenses arising from a single, continuous transaction. We find appellant's contention without merit.

■ Two offenses will be deemed "the same" under the double jeopardy clause of the federal and state constitutions unless each requires proof of an additional fact that the other does not. *Jeffers v. U. S.*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Iannelli v. U. S.*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Ex parte Joseph*, Tex.Cr.App., 558 S.W.2d 891. Resisting arrest requires proof of the use of force which is not required to prove failure to identify as witness. The offense of failure to identify as witness requires proof that a defendant failed to report his name and residence to a police officer when lawfully requested to do so which is not required for resisting arrest. We therefore hold the appellant was not placed in double jeopardy by virtue of his former conviction for failure to identify as witness. See and cf. *Crabb v. State*, Tex.Cr.App., 503 S.W.2d 260; *Harvey v. State*, Tex.Cr.App., 515 S.W.2d 108.

■ Further, as regards appellant's contention that the present prosecution is barred by the carving doctrine, we noted in *Ex parte Joseph*, supra:

"Under the carving doctrine as applied in this State, a person cannot be *convicted* of different parts of a single transaction, though said parts are in contemplation of law distinct offenses. *Wright v. State*, 17 Tex.App. 152. When one offense is a necessary element in, and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other. *Herera v. State*, 35 Tex.Cr.R. 607, 34 S.W. 943; *Ex parte Evans*, 530 S.W.2d 589; Tex.Cr.App.; *Price v. State*, 475 S.W.2d 742, Tex.Cr.App."

In the instant case, the prosecution for resisting arrest was not based on the same evidence used to formerly convict the appellant of failure to identify as witness. Further, the acts which formed the basis for appellant's arrest for failure to identify as witness were complete prior to the acts which constituted resisting arrest. We hold the doctrine of carving does not bar the appellant's present prosecution for resisting arrest. *Ex parte Joseph*, supra; *Ex parte Caldwell*, Tex.Cr.App., 537 S.W.2d 265. Appellant's grounds of error are overruled.

■ In his third and fourth grounds of error, appellant contends that the trial court erred in admitting certain statements made by the appellant to Officer Carter after he had been placed under arrest. Specifically, the appellant contends that the trial court erred in allowing the prosecutor to elicit the following responses from the appellant on cross-examination:

"A . . . And I told him, Well, I'm going to—This isn't going to work; I'm going to nail you. And he goes, How's that? And I said, Well, my dad's a lawyer; and then he started being nice to me. And his attitude changed quite drastically after I told him my dad was a lawyer. Because, to me, I think he's just taking advantage of people that can't protect themselves. And that's the only reason I ever said I wouldn't give

him the keys. If he'd of asked me in a decent manner I would have handed him the keys. I have respect for the law, but not law officers that don't even know the law.

"Q Okay, so you did tell him that your dad was a lawyer and you were going to nail him.

"A Yes, sir, I did."

Appellant contends on appeal that, while he did not make timely and proper objections thereto, such questioning constituted misconduct on the part of the prosecutor which denied appellant a fair trial. Appellant cites and relies upon *Ruth v. State*, Tex.Cr.App., 522 S.W.2d 517; *Stein v. State*, Tex.Cr.App., 492 S.W.2d 548; and *Koller v. State*, Tex.Cr.App., 518 S.W.2d 373. After a careful examination of these cases, we cannot conclude that the improper questioning by the prosecutor in the instant case approached the abuses which were apparent in the cases relied upon by appellant. Consequently, while such conduct is not to be commended, we conclude that reversible error is not presented. *Cooper v. State*, Tex.Cr.App., 500 S.W.2d 837; *Randolph v. State*, Tex.Cr.App., 499 S.W.2d 311; *Garcia v. State*, Tex.Cr.App., 495 S.W.2d 257.

The appellant further complains that the prosecutor was improperly allowed to ask appellant if he had filed a lawsuit or grievance against Officer Carter arising from the arrest. No objection was offered to this testimony. Nothing is presented for review. *Rasberry v. State*, Tex.Cr.App., 535 S.W.2d 871; *Lopez v. State*, Tex.Cr.App., 535 S.W.2d 643; *Stutes v. State*, Tex.Cr.App., 530 S.W.2d 309. Appellant's contentions are overruled.

The judgment is affirmed.