Juan LERMA, Appellant,

v.

STATE of Texas, Appellee.

No. 2399CR.

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

Patrick McGuire, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of murder. A jury convicted appellant and assessed punishment at 25 years imprisonment.

■ Appellant alleges a total of five errors in the conduct of the trial which led to his conviction. By his first ground of error, appellant maintains that the trial court erred in refusing to allow appellant's counsel to argue intoxication in mitigation of punishment. The refused argument cited in appellant's brief occurred during final arguments at the guilt or innocence stage of the trial. Such argument was clearly an attempt by appellant's trial counsel to urge voluntary intoxication as a defense to an element of the State's case, to wit: that appellant acted intentionally and knowingly. The State's objection to such argument was sustained, and the jury instructed to disregard. Voluntary intoxication is no defense to the commission of a crime. Tex. Penal Code Ann. § 8.04(a) (Vernon 1974); *Blott v. State*, 588 S.W.2d 588 (Tex.Cr.App. 1979). Evidence of such intoxication does not negate the elements of intent or knowledge. *Hawkins v. State*, 605 S.W.2d 586 (Tex.Cr.App.1980).

■ Later, during closing argument at the punishment phase of the trial, the trial court again sustained the State's objection to an argument by appellant's counsel concerning intoxication. At that juncture, the prosecutor correctly pointed out that evidence of *temporary insanity* caused by intoxication may be introduced in mitigation of punishment, Tex.Penal Code Ann. § 8.04(b) (Vernon 1974), but absent such evidence, it is improper to argue intoxication even at the punishment stage of the trial. *Hart v. State*, 537 S.W.2d 21 (Tex.Cr. App.1976). However, in spite of this objection, the record reflects that appellant's trial counsel was able to complete his argument concerning the possible effects of intoxication upon the thoughts and actions of the defendant at the time of the crime. Thus, no error regarding the trial court's actions toward this appellant's counsel's arguments at either phase of the trial is presented. Ground of error number one is overruled.

■ By his second ground of error, appellant maintains the trial court erred in refusing to allow appellant's counsel to argue lack of motive. However, a review of the record reveals that appellant's counsel was not prohibited from arguing lack of motive. Rather, it appears that the objection sustained was to the suggestion that motive was a necessary element of the offense charged. Motive is not an element of the offense of murder, and need not be proven by the State to support a conviction. *Garcia v. State*, 495 S.W.2d 257 (Tex.Cr. App.1973). It is not improper for the trial court to challenge an incorrect statement of the law made by counsel during argument. See *Cook v. State*, 540 S.W.2d 708 (Tex.Cr. App.1976). Moreover, the record reflects that appellant's trial counsel went on, without further interruption, to rebut in detail the State's argument as to the reason for the killing. No error is presented.

■ Appellant next urges that the trial court erred in failing to instruct regarding voluntary manslaughter. However, no objection was lodged at the trial to the charge as presented. Neither the record nor the transcript indicates appellant ever requested such a charge. There is nothing preserved or presented for review on appeal. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App. 1980); *Estes v. State*, 507 S.W.2d 216 (Tex. Cr.App.1974).

■ In his fourth ground of error, appellant maintains the trial court erred in denying a new trial based on "newly discovered evidence." Tex.Code Crim.Pro.Ann. art. 40.03(6) (Vernon 1979). Appellant refers specifically to the evidence presented at the hearing on appellant's motion for new trial that 18 individuals were willing to testify as to appellant's good character. To demonstrate that the trial court has abused its discretion in denying a new trial based on newly discovered evidence, the record must reflect that: 1) the newly discovered evidence was unknown to the defendant at the time of trial; 2) failure to discover the evidence was not due to want of diligence on the part of the defendant; 3) the materiality of the evidence was such as would probably bring about a different result on another trial; and 4) the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching. *Van Byrd v. State*, 605 S.W.2d 265 (Tex.Cr.App.1980);

*Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr. App.1978).

■ At the hearing on motion for new trial, appellant admitted discussing with his retained counsel prior to trial the need for character evidence, and that his counsel had specifically requested names and addresses of potential character witnesses. Appellant conceded he had furnished only three names, which three were among the 18 offered as newly discovered evidence. The statements of these 18 individuals indicate all have known appellant personally for several years, and many since appellant was a child. We hold that the trial court did not abuse its discretion in denying a new trial. *Honea v. State*, 585 S.W.2d 681 (Tex.Cr. App.1979); *Mitchell v. State*, 494 S.W.2d 865 (Tex.Cr.App.1973); *Huffman v. State*, 479 S.W.2d 62 (Tex.Cr.App.1972).

■ In his final ground of error, appellant claims the trial court erred in admitting State's Exhibit 13, three bullets taken from appellant's vehicle after the shooting, and State's Exhibit 5, a photograph of the deceased prior to her death. Appellant alleges the State failed to disclose the existence of these items prior to trial in violation of the trial court's order. However, appellant has failed to properly brief this ground of error in that no authority has been presented in support of appellant's allegations. Therefore, nothing has been presented for review by this Court in connection with appellant's fifth ground of error.

■ Even if appellant's ground of error five had been properly briefed, we find that no error was presented regarding State's Exhibit 13. Despite appellant's objection at trial and his claim in this appeal, the record of the pretrial proceeding held on October 23, 1980, clearly reflects that the district attorney stated, "We do have three 38-caliber bullets that were recovered from an automobile, and I will certainly let him inspect three 38-caliber bullets."

■ During the hearing on motion for new trial, an assistant district attorney testified that State's Exhibit 5 was not part of the file when discovery was requested by appellant's counsel. To gain discovery, a defendant must show good cause, materiality and *possession by the State*. Tex.Code Crim.Pro.Ann. art. 39.14 (Vernon 1979); *Feehery v. State*, 480 S.W.2d 649 (Tex.Cr. App.1972). We hold that there was no violation of Article 39.14, and it was not error for the trial court to admit the photograph. See *Reeves v. State*, 566 S.W.2d 630 (Tex. Cr.App.1978).

The judgment of the trial court is affirmed.