

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00233-CR

_____

JUSTIN LATODD CASSELBERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1100209

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

It must have been an unusual sight to the citizens who witnessed it. Justin LaTodd Casselberry had emerged from his running and in-gear automobile in a center turn lane in Greenville, and was dancing in the street, as the vehicle rolled, driverless, down the street, across two lanes of traffic, and into a Taco Bell parking lot, where it ran up on a curb and stopped. Police responded, finding Casselberry no longer dancing, but motionless in the middle of the street, entirely disregarding, first, some citizens trying to get his attention, and, then, the police officer who parked his squad car behind Casselberry and attempted to talk to him. The officer attempted to handcuff Casselberry, who pulled away with one arm and took a wild swing in the general direction of the officer with the other arm. With the assistance of a citizen, an officer restrained and arrested Casselberry. Casselberry was transported to the local hospital, where it was determined that he had PCP in his system.[1]

Casselberry was convicted for resisting arrest. The jury found enhancement allegations true, and assessed punishment at 365 days' confinement and a $4,000.00 fine. Casselberry was then released on bond pending appeal.

Casselberry argues that the evidence is legally insufficient to support his conviction for resisting arrest. In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979));

---

[1]In our case number 06-11-00232-CR, a companion case decided this day, we have affirmed Casselberry's conviction for driving under the influence of a drug, PCP.

*Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of *Brooks*, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The information alleges that Casselberry intentionally prevented or obstructed a police officer from effecting his arrest, search, or transportation by using force against the officer, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.03(a) (West 2011).

In this case, the charge replicates the information, and instructs the jury that it may find Casselberry guilty if it finds beyond a reasonable doubt that he intentionally did

> prevent or obstruct G. Hughes, a person the Defendant knew to be a peace officer, from effecting the arrest, search, or transportation of the said Defendant by using force against G. Hughes . . . .

This Court most recently addressed a resisting-arrest prosecution in *Pumphrey v. State*, 245 S.W.3d 85 (Tex. App.—Texarkana 2008, pet. ref'd). As we pointed out in *Pumphrey*, the statute requires only that the actor use "force against" the officer, but some cases draw a distinction between situations where the defendant directed force or movement *toward* an officer

3

and a force that resists the officer's effort to arrest, but is directed *away from* him or her. *Id.* at 89; s*ee Humphreys v. State*, 565 S.W.2d 59, 60 (Tex. Crim. App. [Panel Op.] 1978). In *Pumphrey*, no force was directed toward the officer—Pumphrey tried just to pull away—but we held that was sufficient, as the Texas Penal Code required only that some force resisted an officer's efforts at making an arrest, regardless of whether the force was directed toward or away from the officer.

In this case, there was testimony that Casselberry swung his arm at the officer, and while being led to the parking lot, Casselberry pulled and jerked away from the officer violently, all in an evident effort to break free from his restraint. The evidence is sufficient to support the conviction.

We affirm the judgment.


Josh Morriss III
Chief Justice

Date Submitted:     July 26, 2012
Date Decided:       August 2, 2012

Do Not Publish

4