Robert T. Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, John Ovard and Fred Davis, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

**Charles Bruno JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 50595.

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery with firearms. Punishment was assessed by the jury at thirty-five years.

The indictment alleged the offense occurred on or about December 20, 1973 and the record reflects that trial was in July, 1974.

Raymond Edwards, assistant manager of a 7–Eleven Store on the corner of Beckley and Elmore in Dallas, identified appellant as one of three men who entered the store together on the night of December 20, 1973. One of the men (not appellant) brandished a gun and said, "Let me have all of your money," and the testimony of Edwards reflects that after "around $500" was taken appellant said, "Let's go." Another store employee, Ronald Jones, was present in the store at the time of the robbery.

Two of appellant's grounds of error are directed to the prosecutor's argument at the punishment stage of the trial. Appellant's complaints are directed to the prosecutor's argument that the witness Cornelia Collins was one of appellant's victims and appellant urges that his motion for mistrial directed to such argument should have been granted and further that such argument implied appellant's guilt of another offense and denied appellant a fair and impartial trial.

The record reflects that Cornelia Collins testified that she knew appellant, that she came to know him "on the night of December 22nd, at about 8:10 p. m." and that she knew his general character and reputation in the community in which he resides for being a peaceful and law-abiding citizen. The witness testified regarding appellant's reputation, "It's bad, very bad." The witness further stated that she was not present nor did she have anything to do with the case being tried.

The appellant complains of the following argument of the prosecutor at the punishment stage relative to the witness Collins:

"You know that the robbery in this case occurred on December 20 in the evening hours, don't you?

"Now, if somebody really had some remorse, if they really didn't—if they really had that type of thing in mind, you wouldn't have a situation where a young lady sixteen years old comes to know that same man December 22nd at night, and she tells you—

"MR. BASKETTE: Your Honor, pardon me, Mr. Ovard, I object to that. I don't believe it is a proper argument in the facts of this case, outside the record.

"THE COURT: Stay within the evidence, Mr. Ovard. Go ahead.

"MR. OVARD: She said, and I quote what she said, I asked, 'When did you come to know of him?' She said, 'December 22nd at 8:10 at night.' Didn't she? Now, you judge that young lady. I contend she has more courage than most of the adults out here. When you look at teenagers and wonder what is happening to them in our community, that takes courage to come in here and face that man and testify like that, and that's something she lives with the rest of her life. I just happen to think she can handle it because she has got courage, she has got—

"MR. BASKETTE: Your Honor, I object to this again. It is outside the record. There is nothing in this case regarding any connection between that girl and this defendant. I object to it, outside the record.

"THE COURT: Well, the jury will recall the evidence. Stay within the record, Mr. Ovard.

"MR. OVARD: If I am not into the record, I don't know how I can be more in the record. What the judge is saying is you consider whether or not I am.

"She told you when she came to know him, she told you his reputation was very bad, and we observed a person, and you observed their demeanor, and you remember observing her when she testified the way she rung her hands. The demeanor she had, the look she had when she saw that man again that she identified for you, and you don't have to close your eyes to that, because that's what the second hearing was all about.

\* \* \* \* \* \*

" . . . I'll remember specifically calling her back for one additional question as she started to leave, 'You were not

involved in the case that we are trying here today, were you?' and she said, 'No.'

\* \* \* \* \* \*

"You observed his [appellant's] demeanor when she testified before you. Did you see any remorse or sorrow after he saw that girl again or after he saw the witness testify during the holdup?

\* \* \* \* \* \*

" . . . that little girl testified, that man testified, and then they have to go out and try and live in this community after doing that, after testifying against this guy and his buddies. They have to go out and try and make a life, build a life for themselves after that. I happen to think that the two people you saw testify are capable of doing that. I'm sure the man wouldn't have any trouble with that at all, I hope that girl can do it.

"Someday—she's not married, she doesn't have a family yet, but she is going to have a husband someday and she's got to live with the memories of her past and what he knows and what she knows, and you have that evidence before you.

"Now, in a case you, the jury, you set a sentence and that's what the Court tells you in the charge, all you set is the sentence then the experts that deal in the area decide whether or not he can be rehabilitated. I think first the victims have a right to be protected for at least a certain period of time. How would you like to be one of the victims that testified against him—

"MR. BASKETTE: Objection, Your Honor. There is no evidence that anyone was a victim except the complaining witness in this case. Outside the record, prejudicial.

"THE COURT: Well, to that extent, Mr. Baskette, I will sustain your objection.

"MR. BASKETTE: Ask the jury be instructed.

"THE COURT: Rephrase your remarks.

"Don't consider the last remark.

"MR. BASKETTE: And ask for a mistrial.

"THE COURT: Overruled."

Edwards was the only one of the two employees present at the time of the robbery who testified. Thus, only one of the victims of the instant case testified.

While it is undoubtedly an unpleasant experience for a sixteen year old girl to testify as a character witness, the unmistakable thrust of the prosecutor's argument was that the girl was more than a character witness. We cannot agree with the State's reasoning that the complained-of argument was nothing more than a request for the protection of victims' rights in general and a plea for law enforcement.

We find the clear and inescapable import of the prosecutor's argument to be that the witness Cornelia Collins was one of appellant's victims. Such argument was not based on evidence adduced at the trial nor would such evidence have been admissible had it been offered. The State was admonished prior to trial in accordance with appellant's written motion to not allude to or refer to extraneous offenses without having first obtained a ruling of the court out of the presence of the jury. The prosecutor persisted in this line of argument after twice having been admonished by the court to stay within the record.

The prosecutor cannot use closing argument to get evidence before the jury which is outside the record and prejudicial to the accused. *Dears v. State,* Tex.Cr.App., 506 S.W.2d 606; *Ward v. State,* Tex.Cr.App., 474 S.W.2d 471; *Lookabaugh v. State,* 171 Tex.Cr.R. 613, 352 S.W.2d 279. The effect of the prosecutor's plea was to ask the jury to assess punishment for a collateral crime which the prosecutor had injected into evidence by way of jury argument. See *Klueppel v. State,* Tex.Cr.App., 505 S.W.2d 572. We conclude that the court's instructions to disregard did not overcome the prejudice and harm caused by the prosecutor's argument.

In view of our disposition of the foregoing ground of error, appellant's other contentions will not be discussed.

For the error discussed, the judgment is reversed and the case remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.