Ronald Lee **TEAGUE**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–026–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 10, 1982.

George R. Milner, Jr., Dallas, for appellants.

Tim Curry, Dist. Atty., and Victoria Fay Prescott, Fort Worth, for appellees.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

After entering a plea of not guilty, appellant was convicted by a jury of robbery and was sentenced to 12 years in the Texas Department of Corrections and fined $10,000.

Appellant appeals on five grounds of error. We affirm the judgment of the trial court.

Briefly stated, the evidence adduced at trial was that a department store security guard became suspicious of appellant, Ronald Lee Teague, when he saw him dump a sack full of goods into an automobile on the store parking lot. The security guard followed Teague into the store and caught him in the act of attempting to steal merchandise by placing it in the empty sack while the cashier was not looking. A chase ensued whereby appellant made a getaway in the same automobile in which he had earlier been observed dumping the merchandise. The security guard testified that in the getaway he was injured when struck by the appellant's car. Appellant was apprehended a short time later by local police.

By his first ground of error, appellant maintains that the evidence was at variance with the indictment. The indictment alleged that appellant intentionally and knowingly caused bodily injury to Ronnie Joe Hicks while in the course of committing theft of the property of Ronnie Joe Hicks.

The evidence shows that Hicks was a security guard for a Dillard's department store located in Hurst, Texas and that the stolen property was merchandise taken from that store. Appellant contends that a security guard could not be considered an owner by such evidence. Under V.T.C.A. Penal Code, § 1.07(a), an owner is a person who has title to the property, possession of the property, or a greater right to possession of the property, than the actor. V.T.C.A. § 1.07(a)(28) defines possession as meaning care, custody, control or management. Hicks testified that he had the care, custody and control of store merchandise by way of his position as a security guard. We therefore hold that Hicks had possession of the property and was an owner under the language of the statute. *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974). We also hold that the security guard in this case, hired to protect the property in question, has a greater right to possession of said property than does appellant and is therefore an owner under the statute. *Johnson v. State*, 606 S.W.2d 894 (Tex.Cr.App.1980); *Smallwood v. State*, 607 S.W.2d 911 (Tex. Cr.App.1980). Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the court erred in failing to grant a new trial in light of newly discover-

ed evidence. The evidence relied upon is the testimony of one Ronald Fred Barker, an old schoolmate of appellant's, who several months after trial saw him at a high school reunion and claimed to have witnessed the incident in question. Barker testified that he saw no injury inflicted upon the security guard.

In order to grant a new trial the trial judge must be satisfied that the evidence is probably true and will probably bring about a different result. *Whitmore v. State,* 570 S.W.2d 889 (Tex.Cr.App.1978). Whether the new evidence is probably true is a determination for the trial judge. *Williams v. State, supra; Eddlemon v. State,* 591 S.W.2d 847 (Tex.Cr.App.1980). Absent a clear showing of abuse of discretion the court below should not be disturbed on appeal. We find that the court's ruling in light of the circumstances surrounding the Barker testimony was not an abuse of discretion. *Eddlemon, supra.*

By way of a third ground of error appellant argues that the evidence fails to support a conviction for robbery because it fails to show that the assault, if any, was committed during the immediate flight after an actual or attempted theft. We decline to discuss this point except to say that the uncontroverted testimony of Ronnie Joe Hicks clearly establishes that the injury he claims to have suffered resulted from the contact of his body with appellant's automobile. The evidence clearly establishes a flight from a theft or attempted theft. The ground of error is without merit and therefore overruled.

Appellant also argues that the testimony of Ronnie Joe Hicks was improperly bolstered by the admission of certain inadmissible hearsay. Hicks had testified that he saw appellant place a blue terrycloth towel in the trunk of his car. The prosecutor then put on the stand one officer Wallace of the Hurst police department who testified that Hicks had told him that he, Hicks, had seen appellant put such a towel in the car later used in the getaway.

Appellant urges by his fourth ground of error that the testimony of officer Wallace bolstered the testimony of the State's chief witness Hicks to such an extent that his credibility in the eyes of the jury was greatly enhanced, denying appellant a fair trial. Although we agree that the testimony was hearsay we feel that its admission was harmless in light of statements made by appellant's own counsel at trial. In discussing the theft portion of the alleged robbery, counsel made the following statement to the jury:

"There's no question about the theft occurring. *Probably just exactly or for the most part, the way Mr. Hicks said that the theft occurred."* (Emphasis supplied).

Because neither the occurrence of the theft or the facts surrounding the blue towel were in issue at trial and because counsel's own statements concerning the veracity of Hicks were of a more encompassing nature than the corroborating testimony of officer Wallace concerning the blue towel, we find the testimony of Wallace, complained of here, to be inconsequential and harmless. The fourth ground of error is overruled.

By his final point of error appellant argues that in jury argument, the prosecuting attorney made two improper statements which call for reversal of the case. The first statement objected to by appellant is one made to the jury to the effect that should appellant be acquitted on the robbery charge, he would be immune to a lesser theft charge. On appeal appellant says that it is improper for the prosecutor to state what purports to be the law when such statement is not contained in the court's charge to the jury. Appellant alleges that the error is enhanced when the statement incorrectly reflects the law.

First, we do not find that the prosecutor's argument was an incorrect statement of the law. Proof of a robbery requires the proof of a theft or attempted theft. *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981); *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App.1974). In the case at hand, the State introduced evidence that

a theft had been committed by appellant, facts which appellant's counsel admitted as true to the jury. Two offenses will be deemed the same offense for purposes of double jeopardy unless each requires proof of an additional fact that the other does not. *Humphreys v. State*, 565 S.W.2d 59 (Tex.Cr.App.1978). *Ex Parte Joseph*, 558 S.W.2d 891 (Tex.Cr.App.1977). Appellant argues, and the State seems to agree, that this rule has been changed by the Court of Criminal Appeals holding in the case of *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App. 1978). We disagree. The holding in *Moss* specifically applies to cases reversed by an appellate court's finding that the evidence is insufficient to uphold the finding of a specific element of an offense. In that case the court held that when such element is one necessary to elevate the offense above that of the lesser included offense, the appellant may be retried for the lesser included offense. However, this is not true in the case of a jury verdict because the jury verdict does not reveal what element or elements the State failed to prove.

Because a conviction for theft would not in this case require the proof of any facts additional to those required for a conviction for robbery, we find the prosecutor's statement to be correct. Because the prosecutor's statement of the law is correct and because we do not find it to be contrary to the charge to the jury in any way, we find no error presented by the statement. See *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr. App.1979), also *Givens v. State*, 554 S.W.2d 199 (Tex.Cr.App.1977).

The other statement made by the prosecutor which appellant complains of was made without objection at trial. Appellant cites *Jackson v. State*, 529 S.W.2d 544 (Tex. Cr.App.1975), for the proposition that the statement constitutes fundamental error. The *Jackson* case involves an entirely different situation. In *Jackson*, unlike this case, the prosecutor repeatedly interjected facts not in the record despite the admonitions of the judge. We do not find the statement to be fundamental error and therefore the objection raised on appeal is overruled.

The judgment is affirmed.