Cecil Leon McDONALD, Appellant,

v.

The STATE of Texas, State.

No. 2-91-200-CR.

Court of Appeals of Texas, Fort Worth.

Feb. 9, 1993.

Rehearing Overruled March 30, 1993.

---

Layne H. Harwell, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Edward L. Wilkinson, Asst. Fort Worth, for state.

Before HILL, C.J., and FARRIS, J., and CLYDE R. ASHWORTH, J. (Retired), sitting by Assignment.

## OPINION

HILL, Chief Justice.

Cecil Leon McDonald appeals from his conviction by a jury of the offense of manufacturing a controlled substance, amphetamine, of more than four hundred grams. The jury assessed his punishment at thirty-five years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $50,000. McDonald asserts in his sole point of error that the trial court erred by denying his motion to dismiss in accordance with TEX.CODE CRIM.PROC.ANN. art. 51.14 (Vernon 1979), the Interstate Agreement on Detainers Act.

We reverse and remand this cause with an instruction that the cause be dismissed with prejudice because the evidence does not support the trial court's finding that the 180–day period in which to try McDonald under the act should have been tolled for two to three months due to McDonald's inability to stand trial.

McDonald contends that the trial court erred by denying his motion to dismiss in accordance with article 51.14 of the Texas Code of Criminal Procedure, the Interstate Agreement on Detainers Act, because he was tried more than 180 days from the date that Tarrant County received his notice of a desire for final disposition of his Tarrant County charges, including this case. Since the notice was received by Tarrant County no later than September 27, 1990, and McDonald's trial began on May 6, 1991, it is apparent that he was tried more than·180 days from the date that Tarrant County received notice of McDonald's desire for final disposition of this charge.

The trial court nevertheless overruled McDonald's motion, holding that two to three months of the intervening time should be charged to McDonald in view of his real or imagined physical complaints. The State argues that the time limit was properly tolled for that two to three months, citing article VI(a) of the Act, which provides that the running of the time periods are to be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

We will determine whether the trial court's finding that McDonald was unable to stand trial for two to three months was supported by the evidence.

■ Quinton Maxie, a Tarrant County deputy sheriff, testified that he picked up McDonald from the Nevada prison on November 1, approximately thirty days from September 27, 1990. While in San Jose, California, picking up another prisoner, McDonald complained of high blood pressure and chest pains. When the San Jose jail would not accept McDonald for the night, Maxie took him to the hospital. He was released later that evening. Rather than return McDonald to Tarrant County, Maxie returned him to the Nevada prison. He stated that because they were unable to determine McDonald's medical condition they could not risk returning him to Texas because they were out in the middle of the

desert. He did not relate that any professional medical opinion was obtained as to the reasonableness of transporting McDonald either by motor vehicle or by air.

Maxie stated that he continued to monitor McDonald's medical condition from medical reports that he received from Nevada. He said that the reports continued to show problems of McDonald. Again he did not relate that any medical opinion was obtained as to the feasibility of moving McDonald, whether by motor vehicle or by air. Finally, he stated that when McDonald's condition did not change, the decision was made to go pick him up and bring him back by air rather than by van. He picked him up on April 9, 1991. Maxie indicated that McDonald had no difficulties traveling by air, that the medical staff had given him medication to keep him calm until he was returned. He acknowledged that the Nevada medical staff never refused to release McDonald to Tarrant County authorities. He stated that McDonald mentioned on the way back that he intended to pursue the issue of the running of the 180 days.

Rebecca Meinhart, administrative clerk to the 213th District Court of Tarrant County, in addition to testifying as to when McDonald's statutory notice was received, further testified that his trial was set for April 22, 1991, but that it was continued after McDonald became ill and was taken to the hospital. As we have previously noted, McDonald's trial began on May 6, 1991.

We hold that there is no evidence to support the trial court's conclusion that two to three months of the delay should be charged to McDonald. We would agree with the State that if the evidence showed that McDonald's health prevented Tarrant County authorities from returning him in time to try him within the 180 days that such evidence would support a finding by the trial court to toll the 180–day period for such a delay. However, in this case the evidence at best only shows that McDonald's condition convinced a Tarrant County official that it would not be reasonable to bring McDonald back from Nevada, through the desert, by motor vehicle. There is no evidence at all that McDonald's health prevented Tarrant County from returning him to Tarrant County earlier by air, as it ultimately did. In fact, according to the evidence, the officials had no difficulty in returning him by air even though his condition had not changed. He was successfully tried in less than one month after his return. There is no evidence to show that he would not have been able to stand trial within the 180 days had he been returned earlier by air, nor is there any justifiable reason shown for the failure to return McDonald earlier by air. In fact, there is no showing that any medical opinion was obtained to show that he could not be brought back by van.

■ The State contends for the first time on appeal that McDonald failed to show that the act applied to him because he did not show that he, at the time he filed his notice, was serving a term of imprisonment in a penal or correctional institution. As previously mentioned, the evidence at the hearing on McDonald's motion to dismiss shows that the Tarrant County authorities initially picked up McDonald at the prison in Nevada, and returned him there. We know of no prisoners in Texas prisons that are not serving terms of imprisonment. We presume, absent a showing to the contrary, that prisoners in Nevada prisons are also serving terms of imprisonment. As the State acknowledges, evidence at the hearing on punishment showed that McDonald was, indeed, serving a term of imprisonment in the Nevada prison. We sustain McDonald's sole point of error.

We reverse and remand this cause with an instruction that the cause be dismissed with prejudice.