Affirmed and Memorandum Opinion filed August 2, 2005









Affirmed
and Memorandum Opinion filed August 2, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00298-CR

____________

 

NICKY LEE SOTO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 920,816

 



 

M E M O R A N D U M   O P I N I O N

Nicky Lee Soto appeals from a conviction
for indecency with a child.  Appellant
raises five issues for our review: first, he alleges that the trial court erred
by allowing evidence of his post-arrest silence; second, that reversal is
appropriate due to the prosecution=s alleged attempt
during voir dire to commit jurors to a particular outcome based on a
hypothetical situation; third and fourth, that the prosecutor improperly argued
outside of the trial record in closing argument; and, finally, that he was
improperly cross-examined about the factual details of a prior conviction.  We affirm. 

 

I.        Factual
and Procedural Background

On July 19, 2002, the complainant was
walking back to the home of a family friend, with whom she was staying, when
appellant offered her a ride.  She
accepted the ride and got into appellant=s car.  According to the complainant, appellant then
climbed into the backseat and masturbated in front of her. 

Appellant was arrested and charged with
indecency with a child, a third-degree felony. 
See Tex. Penal Code '
21.11(a)(2)(A).  Both the guilt/innocence
and the punishment phases of the trial were tried before a jury.  The jury convicted appellant, assessed
punishment at four years= imprisonment, and imposed a fine of
$5,000. 

II.       Analysis

Issue OneCAlleged Improper
Comment Concerning Appellant=s Silence








In appellant=s first issue, he
claims the State improperly commented on his post-arrest silence.[1]  See Doyle v. Ohio, 426 U.S. 610, 619
(1976) (holding that due process does not allow prosecutors to introduce
evidence of a defendant=s silence at trial when Miranda
warnings have instructed the defendant that he need not speak); Sanchez v.
State, 707 S.W.2d 575, 579B80 (Tex. Crim.
App. 1986) (en banc) (holding that, in Texas, the right to remain silent arises
at the moment an arrest is effectuated, rather than when Miranda
warnings are given).  Appellant, however,
has not preserved this issue for appeal. 


To preserve error in the admission of
evidence, a party must object each time inadmissible evidence is offered.  Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991) (en banc); Turner v. State, 719 S.W.2d 190, 194
(Tex. Crim. App. 1986) (en banc); Jasso v. State, 112 S.W.3d 805, 813
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d); see Tex. R. App. P. 33.1.  A trial court=s erroneous
admission of evidence will not require reversal when other such evidence was
received without an objection, either before or after the complained-of
ruling.  Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc).  By the time his counsel objected, appellant
already had been questioned several times about his failure to explain to
officers the source of the semen found in his vehicle.  Because appellant failed to timely object to
the prosecutor=s questions, he has not preserved error
for our review.  See Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc) (holding appellant failed
to preserve error when he failed to object to admission of evidence of
post-arrest silence); Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim.
App. 1997) (en banc) (holding that, if a defendant fails to object until after
an objectionable question has been asked and answered, and he can show no
legitimate reason to justify the delay, an objection is untimely and error is
not preserved); Jasso, 112 S.W.3d at 813 (holding appellant failed to
preserve error when he did not timely object to admission of testimony
concerning polygraph examination).  We
overrule appellant=s first issue.

Issue TwoCAlleged Improper
Hypothetical Question at Voir Dire








In his second issue, appellant contends
the prosecutor posed an improper hypothetical question containing facts Aexactly and
precisely@ the same as those at issue in this case,
and then attempted to commit prospective jurors to an opinion based on those
facts.  See Lydia v. State, 109
S.W.3d 495, 497 (Tex. Crim. App. 2003) (stating that it is improper to
inquire how a venire person would respond to particular circumstances presented
in a hypothetical question); Drew v. State, 76 S.W.3d 436, 459 (Tex.
App.CHouston [14th
Dist.] 2002, pet. ref=d) (stating that a trial court may limit
voir dire when a question commits a venire member to a specific set of
facts).  However, this issue was not
properly preserved for appeal either. 

To properly preserve an error for appeal,
the error objected to in the trial court must correspond with the issue raised
on appeal.  See, e.g., Penry v. State,
903 S.W.2d 715, 763 (Tex. Crim. App. 1995); Allridge v. State, 850
S.W.2d 471, 479 (Tex. Crim. App. 1991) (en banc); see also Tex. R. App. P. 33.1.  Appellant objected at trial on the grounds
that the hypothetical was Aargumentative.@  On appeal, however, appellant claims that the
hypothetical was improper, not because it was argumentative, but because it
allegedly was being used to commit venire members to a verdict based on facts
that were analogous to the facts of the actual case.  Because the error claimed on appeal differs
from the error claimed at trial, this issue is not properly before this
court.  We overrule appellant=s second issue. 

Issues Three and
FourCAlleged Prosecutorial Argument Outside the
Record During Closing Arguments

In issues three and four, appellant
complains that, in two separate instances, the State impermissibly argued
outside of the record during its closing arguments in the punishment phase of
the trial.  See, e.g., Jackson v.
State, 529 S.W.2d 544, 546 (Tex. Crim. App. 1975) (stating that the
prosecutor cannot use closing argument to get evidence before the jury that is
outside the record and prejudicial to the accused).  In the first instance, appellant objected to
the prosecutor=s statement to the effect that, if
appellant were to receive probation, and if probation were ever revoked, in all
likelihood it would be for another sexual offense involving a child.  In the second instance, appellant objected to
the prosecutor=s statement that the jury should sentence
appellant to eighteen years in jail to protect his unborn child from Abeing preyed upon
sexually by his own father.@  The trial court sustained appellant=s objection in
both instances.








To preserve error committed during a jury
argument, the defendant must object until receiving an adverse ruling.  Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996) (en banc); Campos v. State, 946 S.W.2d 414, 417
(Tex. App.CHouston [14th Dist.] 1997, no pet.); see
Tex. R. App. P. 33.1.  The proper method of pursuing an objection to
an adverse ruling is to (1) object, and, if the objection is sustained, (2)
request an instruction to disregard, and (3) move for a mistrial.  Brooks v. State, 642 S.W.2d
791, 798 (Tex. Crim. App. [Panel Op.] 1982). 
When appellant objected to the allegedly improper statements, his
objections were both sustained. 
Appellant failed to pursue the objection by asking for an instruction to
disregard or for a mistrial.  Because
appellant did not pursue the objection to an adverse ruling, the error is
waived.  See Nethery v. State, 692
S.W.2d 686, 701 (Tex. Crim. App. 1985) (en banc).  We overrule appellant=s third and fourth
issues.

Issue FiveCAlleged Improper
Introduction of Details of Prior Conviction

In his final issue, appellant complains
that the prosecutor improperly introduced into evidence the details of a prior
conviction.  The general rule in Texas is
that even though a prior conviction may be admissible, the details of that
conviction are not.  Mays v. State,
726 S.W.2d 937, 953 (Tex. Crim. App. 1986) (en banc); Lape v. State, 893
S.W.2d 949, 958 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d). 
This issue also is not preserved for appeal because appellant never
objected to any of the testimony regarding the prior conviction.  See Tex.
R. App. P. 33.1 (stating that as a prerequisite for appellate review,
the record must show that the complaint was made to the trial court by timely
request, objection or motion).  Moreover,
during direct examination in the punishment phase, appellant testified to many
of the same details of that conviction. 
We therefore overrule appellant=s fifth issue.

III.      Holding

Appellant failed to properly preserve any
of his issues for review by this court. 
Accordingly, we overrule each issue and affirm the trial court=s judgment. 

 

/s/      Paul C. Murphy

Senior Chief
Justice

Judgment
rendered and Memorandum Opinion filed August 2, 2005.

Panel
consists of Chief Justice Hedges and Justices Frost and Murphy.*

Do
Not Publish C Tex.
R. App. P. 47.2(b).








 

*Senior Chief
Justice Paul C. Murphy sitting by assignment.











[1]  The
questioning that forms the basis of this complaint was as follows:

[State:] So you told them about having sex with your
girlfriend? 

[Appellant:] I told them that the wipes were from
other people or from another person.

[State:] Did you tell the police about having sex with
your girlfriend? 

[Appellant:] I did not have sex with her.

[State:] Did you tell them about having any sexual
encounter with your girlfriend?

[Appellant:] No. 

***

[State:] And you didn=t think
to say, hey, hey, hey, hey, that=s not
what happened. I was with a girl. Her name is Jody Tamez. You can verify with
her. I was at the Starbucks not thirty or forty minutes ago, and that=s where I ejaculated and that=s what that is. You never told them that? 

[Defense Attorney:] Your honor, I object because that=s a comment to his right to remain silent under these
circumstances.