

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00512-CR

| | | |
|---|---|---|
| Jeffery Lee Manns | § | From the 396th District Court |
| | § | of Tarrant County (1213452D) |
| v. | § | December 6, 2012 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00512-CR

JEFFERY LEE MANNS                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                         STATE

----------

## FROM 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Jeffery Lee Manns guilty of aggravated robbery with a deadly weapon, a knife, and after he pleaded true to enhancement allegations, the trial court sentenced him to forty-five years' confinement. In three points, Manns argues that the evidence is legally insufficient to support his conviction and that

---

[1]*See* Tex. R. App. P. 47.4.

the trial court erred by refusing to charge the jury on a lesser-included offense. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Charles Kent, a vehicle repossession agent, was on his way to repossess a vehicle when he observed a 1977 Ford F-150 truck parked in a parking lot with its hood open and a man under the hood on the passenger side. After circling the block to investigate, Kent found the truck in the parking lot with the hood closed and no one around. He parked in the same parking lot to reroute his GPS and work on paperwork.

The driver's side door of the Ford truck flew open and a man, later identified as Manns, jumped out and took off running. Kent drove after Manns and eventually cornered him near a building. Kent, a concealed handgun license holder, pointed his .38 revolver at Manns and told him to "freeze." Manns fled again, running back toward the Ford truck. Manns fell down, and Kent got out of his vehicle, leaving his gun inside. He jumped on top of Manns, who struggled to get free. While on top of Manns, Kent felt a sharp pain in his stomach and looked down to see that Manns had "stuck" a knife in his stomach. Kent hit Manns, who dropped the knife. Kent told Manns that they should talk about things "like men," and Manns sat up. Kent returned to his truck, got his gun, called police, and detained Manns until police arrived.

When police arrived, they secured Kent's gun and recovered Manns's knife from the parking lot. The responding officers found the Ford truck with the hood

3

ajar, with wires hanging down underneath the driver's side, and with its ignition pried open as if someone had tried to hotwire the truck. Manns first told police that he was trying to get into the truck to sleep but later told them that he intended to hotwire the truck so that he could drive it to go collect a debt and then return the truck.

### III. SUFFICIENT EVIDENCE EXISTS TO SUPPORT MANNS'S CONVICTION FOR AGGRAVATED ROBBERY

In his first two points, Manns argues that the evidence is insufficient to prove (1) that he was "in the course of committing theft" as required for a robbery conviction[2] and (2) that he used or exhibited a deadly weapon.[3]

### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

---

[2]Tex. Penal Code Ann. §§ 29.01(1), .02(a) (West 2011).

[3]*See id.* § 29.03(a)(2) (West 2011).

4

inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

### B. In the Course of Committing Theft of Property

In his first point, Manns argues that the evidence fails to show that he intended to deprive the truck's owner of the truck. Specifically, Manns contends that there is no evidence that he actually tried to start the truck and that the

5

evidence showed that he intended only to borrow the truck, not to deprive the owner of the truck.

A person commits robbery if in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a). "In the course of committing theft" refers to conduct that occurs in an attempt to commit, during the commission of, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1). "Theft" is the unlawful appropriation of property with the intent to deprive the owner of the property. *Id.* § 31.03(a) (West Supp. 2012).

Here, Kent testified that he saw Manns under the hood and inside the cabin of the truck and that when Kent drove closer to the truck, Manns attempted to flee. The owner of the truck and the two responding officers all testified that the truck's ignition and hood had been tampered with in such a way that it appeared someone had attempted to hotwire the truck. Furthermore, although Manns told the interviewing detective that he "just needed a ride" to collect a debt and that—in response to the detective asking, "You were going to bring it right back?"—he did not intend "to keep it, hurt it, do anything to it," the jury was not required to believe these self-serving statements. *See, e.g., Bustamante v. State*, 106 S.W.3d 738, 741 (Tex. Crim. App. 2003) ("The jury was well within its discretion to . . . disbelieve the self-serving statements."); *see also Matson*, 819 S.W.2d at 846.

6

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have concluded beyond a reasonable doubt that Manns intended to permanently deprive the truck's owner of his truck. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638; *Matson*, 819 S.W.2d at 846. We overrule Manns's first point.

### C. Use or Exhibition of a Deadly Weapon

In his second point, Manns argues that the evidence is legally insufficient to prove that he used or exhibited a deadly weapon because the State failed to prove beyond a reasonable doubt that the pocket knife's use or intended use was capable of causing death or serious bodily injury to Kent.

A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2). An ordinary knife is not a deadly weapon per se, but it can be a deadly weapon by its use or intended use that is capable of causing death or serious bodily injury. *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008); *McCain v. State*, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000); *see* Tex. Penal Code Ann. § 1.07(17)(B) (West Supp. 2012). A pocket knife is made for purposes other than inflicting death or serious bodily injury. *Victor v. State*, 874 S.W.2d 748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Thus, the State must prove that a pocket knife's use or intended use was capable of causing death or serious bodily injury. *Id*. In determining whether a knife is capable of causing death or serious bodily injury, we consider the physical proximity of the parties; the threats or words

7

used by the defendant; the size, shape, and sharpness of the weapon; the manner in which the defendant used the weapon; and the wounds inflicted on the victim. *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986).

Here, Kent was sitting on Manns and the two were struggling when Manns "stuck" Kent in the stomach with his knife. *Cf. Davidson v. State*, 602 S.W.2d 272, 274 (Tex. Crim. App. [Panel Op.] 1980) (explaining that evidence was insufficient to show that defendant used or intended to use knife so as to inflict serious bodily harm or death when he was five to six feet away from victim and victim suffered no wounds). The knife was a folding pocket knife with a two-inch blade and a broken tip. Prior to stabbing Kent, Manns used the knife to cut the wires of the truck. At trial, the jury was shown the actual knife and a photograph of a similar knife. *Cf. id.* (noting fact that actual knife was not introduced into evidence as contributing to decision that insufficient evidence supported aggravated robbery conviction). The jury saw a photograph of Kent's wound. Kent testified that it was "a minor puncture wound" or a small bruise that later became infected. Kent sought medical treatment for the wound; the doctor applied antibiotic ointment and a band-aid to the wound and stated that it would heal by itself. Kent testified that he believed the knife was capable of causing serious bodily injury or death and that he felt he needed to rearm himself after being "stuck" with the knife. The arresting officers also testified that the knife was a deadly weapon.

8

Manns argues on appeal that "the manner of use was simply, at most, to poke Mr. Kent in the stomach in an attempt to get him off [of Manns]," but the plain language of the statute "does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury." *McCain*, 22 S.W.3d at 503. Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have reasonably concluded that the knife—sharp enough to cut wires—was used in a manner—striking at Kent's stomach—that was capable of causing death or serious bodily injury. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. § 1.07(17)(B). Accordingly, we overrule Manns' second point.

## IV. THE TRIAL COURT DID NOT ERR BY OVERRULING MANNS'S REQUEST FOR A LESSER-INCLUDED OFFENSE INSTRUCTION

In his third point, Manns argues that the trial court erred by failing to instruct the jury on the lesser-included offense of attempted theft. Specifically, Manns contends that he was entitled to the attempted theft instruction because there was evidence that two elements of the greater, charged offense were not proven: (1) that he threatened or placed Kent in fear of imminent bodily injury or death, and (2) that he used or exhibited a deadly weapon.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim.

9

App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73.

The State agrees that, under the first step of the analysis, attempted theft is a lesser-included offense of aggravated robbery as alleged in the indictment. *See Hall*, 225 S.W.3d at 528; *see also Teague v. State*, 628 S.W.2d 240, 242 (Tex. App.—Fort Worth 1982, no pet.) ("Proof of a robbery requires the proof of a theft or attempted theft.") (citing *Griffin v. State*, 614 S.W.2d 155, 157 (Tex. Crim. App. [Panel Op.] 1981)). Therefore, we turn our attention to the second prong and determine whether there was some evidence presented to permit the jury to rationally determine that Manns was guilty of attempted theft but not guilty of aggravated robbery. *See Hall*, 225 S.W.3d at 536.

The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit Manns of the greater offense while convicting him of the lesser-included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than

10

a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

Here, Manns contends that there is evidence that Kent did not fear imminent bodily injury or death because he was the one who initiated the aggressive contact and because he "intentionally left his gun in the truck because he thought he would have no problem with [Manns] due to the size difference." However, as the State points out, Manns "ignores Mr. Kent's actions after [Manns] tried to stab him with a knife, which Mr. Kent had not previously seen." *See* Tex. Penal Code Ann. § 29.01(1) (defining "[i]n the course of committing theft" as conduct occurring "in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft"); *cf. Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) ("[T]he central issue at trial was whether Appellant pulled a knife on Mondragon during or in immediate flight after the commission of the theft"). Kent testified that when he realized that Manns "had [a] knife clenched in his hands almost like white knuckled, and it was being pushed into [Kent's stomach]," he felt threatened and started punching Manns to defend himself. Kent said that he thought the knife could have killed him or caused serious bodily injury so he defended himself. He testified that after he got the knife away from Manns, he went back to his vehicle, rearmed himself, and called 911. Manns did not testify, offer any witnesses on his behalf, or present any evidence. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) (stating that "it is not enough that the jury may disbelieve crucial evidence

11

pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted"). And a review of the entire record reveals no evidence that, if believed by the jury, showed that Kent was not placed in fear of imminent bodily injury after discovering that Manns had "pushed" a knife into his stomach. *See* Tex. Penal Code Ann. §§ 29.01(1), .02(a)(2); *see also Sweed*, 351 S.W.3d at 68 (providing that lesser-included offense instruction required only if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations). Accordingly, we hold that Manns was not entitled to a lesser-included offense instruction on attempted theft because no evidence exists from which a rational jury could have acquitted Manns of aggravated robbery while convicting him of attempted theft.[4] We overrule Manns's third point.

---

[4]And to the extent that Manns argues that he was entitled to an attempted theft instruction because there was evidence that he did not use a deadly weapon, even if he was correct that such evidence existed, that evidence would only entitle him to an instruction on robbery, a complaint he does not raise on appeal. *See* Tex. Penal Code Ann. § 29.03(a)(2) (defining aggravated robbery as robbery with the use or exhibition of deadly weapon).

## V. CONCLUSION

Having overruled Manns's three points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 6, 2012

13